**Christine POWELL, Plaintiff,**

**v.**

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

**No. CIV.A. 00–0084(PLF).**

United States District Court, District of Columbia.

Dec. 9, 2002.

Gary Thomas Brown, Brown & Sherman, LL, Washington, DC, for Plaintiff.

Robert John Kniaz, Washington Metropolitan Area Transit Authority, Office of General Counsel, Vincent Anthony Jankoski, Washington Metropolitan Area Transit Authority, Washington, DC, for Defendant.

*OPINION*

PAUL L. FRIEDMAN, District Judge.

This case is before the Court on defendant's motion for summary judgment. Upon consideration of defendant's motion, plaintiff's opposition and defendant's reply, the Court will grant the motion.

## I. BACKGROUND

Plaintiff, an African–American female, brings this employment discrimination and retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Ms. Powell alleges that her employer, the Washington Metropolitan Area Transit Authority ("WMATA"), discriminated against her based on her race and gender and retaliated against her for filing internal and EEOC complaints when it failed to promote her to numerous open positions between 1974 and 1998.

Plaintiff filed this complaint on January 13, 2000, incorporating allegations from a formal complaint she had filed with the Equal Employment Opportunity Commission on April 8, 1997.[1] On February 2, 2000, plaintiff amended her complaint to include allegations from a second EEOC complaint, filed on July 21, 1999, that she was denied two promotions on January 29, 1999 for discriminatory and retaliatory reasons. *See* Plaintiff's First Amended Complaint at ¶ 6 ("Am.Comp."); Defendant's Motion for Summary Judgment, Exhibit 1, Charge No. 100990691 ("Charge of Discrimination"). Then, on March 30, 2000, plaintiff filed a motion to dismiss without prejudice all claims that were based on her April 8, 1997 EEOC charge, acknowledging that the required 180–day waiting period had not been satisfied for these claims.[2]

1. As discussed below, the EEOC issued an early right-to-sue notice to plaintiff on May 29, 1997, but plaintiff did not file this action until January 13, 2000, approximately two and a half years later. Under Title VII, a plaintiff must file suit within 90 days of receiving a right-to-sue notice. *See* 42 U.S.C. § 2000e–5(f)(1) ("If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... the Commission ... shall so notify the person aggrieved and *within ninety days after the giving of such notice* a civil action may be brought against the respondent named in the charge ...." (emphasis added)). It therefore is almost certain that plaintiff's claims based on the April 8, 1997 EEOC charge ultimately would be dismissed as untimely. For the reasons stated below, however, plaintiff's claims based on the April 8, 1997 EEOC charge do not remain before the Court, so the Court need not decide the timeliness of the filing of those claims in this Court.

2. This Circuit has interpreted Title VII to require that complainants wait 180 days after filing charges with the EEOC before filing a suit in federal court (unless the EEOC reviews and acts upon a complaint sooner) in order to

give the EEOC time to act on the complaint before it. *See Martini v. Federal National Mortgage Ass'n*, 178 F.3d 1336, 1346–47 (D.C.Cir.1999); 42 U.S.C. § 2000e–5(f)(1). Plaintiff filed her charge on April 8, 1997 and requested an expedited right-to-sue notice pursuant to an EEOC regulation that allowed the Commission to authorize a private suit prior to expiration of the 180–day period where the Commission finds that "it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge." 29 C.F.R. § 1601.28(a)(2) (1998). In response to her request, the EEOC issued an early right-to-sue notice to plaintiff on May 29, 1997, 51 days after her complaint had been filed with the EEOC. That notice formed the basis for plaintiff's initial complaint in this case. Two years later, in *Martini v. Federal National Mortgage Ass'n*, 178 F.3d at 1346–47, the D.C. Circuit concluded that such expedited right-to-sue notices violated Title VII's mandatory 180–day waiting period and defeated an "explicit congressional policy favoring EEOC-facilitated resolution up to the 180th day." *Id.* at 1347. Based on the *Martini* decision, plaintiff moved for dismissal without prejudice of all claims based on the April 8, 1997 charge in order to allow her to

In addition to requesting a dismissal without prejudice of the untimely claims, plaintiff sought to stay the remaining claims that had originated from her July 21, 1999 EEOC complaint, claims that were properly before the Court. The Court's Order of March 31, 2000 granted plaintiff's motion to dismiss and stayed the remaining claims.[3] The Court explicitly provided that plaintiff could amend her complaint to reallege the claims based on her April 8, 1997 EEOC charge following completion of the 180-day period.

■ On August 17, 2000, after sufficient time had passed for the 180-day period to expire, the Court lifted the stay on plaintiff's remaining claims, namely those based on her July 21, 1999 EEOC complaint. Neither then nor subsequently, however, did plaintiff amend her complaint to include the claims that had been dismissed without prejudice. Although plaintiff argues that she was not required to reallege these claims, the Court finds otherwise. *See* Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 9–10 ("Pl.Opp."). Both plaintiff's motion for partial dismissal of these claims and her proposed order, which the Court signed on March 31, 2000, provided that plaintiff could amend her complaint to reallege the dismissed claims after expiration of the 180-day period. *See* Pl. Mot. at 2–3; Order Granting Partial Dismissal, March 31, 2000. Implicit in these provisions for future amendment was the fact that these claims, once dismissed, would not remain a part of this case. The Court therefore holds that only the claims based on plaintiff's July 21, 1999 EEOC charge are presently before this Court and subject to defendant's motion for summary judgment.[4]

exhaust the remaining 129 days of the 180-day waiting period. Plaintiff's motion stated that "[p]resumably a new Notice of Right to Sue will be issued" after exhaustion of the 180-day period, at which time she could amend her complaint to reallege the dismissed claims. *See* Plaintiff's Motion for Leave for Partial Dismissal and for Stay in Proceedings at 2–3 ("Pl.Mot.").

3. When the Court granted plaintiff's motion to dismiss her untimely claims, it added the following phrase to plaintiff's proposed order, referring to her remaining claims: "i.e., the gender based claims." *See* Order Granting Partial Dismissal, March 31, 2000. This phrase, however, was not intended to limit the scope of the remaining claims before the Court. Because it is clear that plaintiff's continuing claims allege discrimination based on both race and gender, the Court's earlier characterization of her claims will not control.

4. Defendant asserts that plaintiff's claims based on the July 21, 1999 EEOC complaint are untimely because plaintiff filed suit 92 days after the EEOC issued its notice giving her the right to sue. Defendant is correct that under Title VII a plaintiff must file a civil action "within ninety days after the giving of such notice" that a charge has been dismissed or that the Commission has failed to act on a charge within 180 days of its filing. 42 U.S.C. § 2000e–5(f)(1) (2000). This 90-day period, however, begins to run only upon a plaintiff's *receipt* of a right-to-sue notice, not upon issuance of the notice. *See* 42 U.S.C. § 2000e–16(c) ("Within 90 days of receipt of notice ... an employee or applicant for employment ... may file a civil action ..."); *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1052 (D.C.Cir.1988) (time for filing action runs from date of plaintiff's receipt of notice). The right-to-sue notice clearly instructed plaintiff that she could file suit "within 90 days of [her] receipt of this letter." Pl. Opp., Exhibit 4, EEOC Right–to–Sue Letter of November 2, 1999. The notice was sent to plaintiff via regular United States mail without a request for confirmation of delivery. *See* Pl. Opp. at 7. Because there is no evidence of the actual date of receipt, the Court will assume that plaintiff received the notice three days after it was issued by the EEOC. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148, n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (presumed date of receipt of notice is three days after issuance by EEOC); Fed.R.Civ.P. 6(e) (adding three days to any prescribed period for action following

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). Material facts are those found in the pleadings, depositions, answers to interrogatories, admissions on file and affidavits that might affect the outcome of the case under governing law. *See* Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

There is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits and similar materials negating the opponent's claim. *See* Fed.R.Civ.P. 56(b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). On the other hand, the non-moving party's opposition must consist of more than mere unsupported allegations and must be supported by affidavits or other competent evidence setting for specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. 2548. The evidence provided must be such that a reasonable jury would find in the non-moving party's favor. *See, e.g., Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C.Cir.1987). The moving party will be entitled to judgment as a matter of law where the non-moving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. 2548. To defeat a summary judgment motion, "a plaintiff must have more than a scintilla of evidence to support [her] claims." *Freedman v. MCI Telecommunications Corp.*, 255 F.3d 840, 845 (D.C.Cir.2001) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

### B. Plaintiff's Discrimination Claim

 In order to survive a motion for summary judgment on a Title VII employment discrimination claim, the plaintiff must prove by a preponderance of the evidence a *prima facie* case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a *prima facie* case of discrimination based on failure to promote plaintiff must show that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. *See Stella v. Mineta*, 284 F.3d 135, 145 (D.C.Cir.2002) (quoting *Brown v. Brody*, 199 F.3d 446, 452 (D.C.Cir.1999)).[5] An alternative formulation in a failure to promote (as opposed to a lateral transfer) discrimination case is that: (1) plaintiff is a member of a protected class; (2) she was qualified for and applied for a promotion; (3) she was considered for and denied the promotion; and (4) after her rejection, the employer continued to seek applications from individuals who were no more qualified than plaintiff or awarded the position

---

notice by mail). Taking November 5, 1999 as the date of notice, the Court finds that by filing her complaint on February 2, 2000, plaintiff fell within the 90–day period for filing suit.

**5.** Also relying on *Brown v. Brody,* the D.C. Circuit also has formulated the *prima facie* case test this way: Plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) her employer took the adverse employment action because of her membership in a protected class. *Freedman v. MCI Telecommunications Corp.,* 255 F.3d 840, 843 (D.C.Cir.2001).

to such a person. *See McDonnell Douglas Corp. v. Green,* 411 U.S. at 802, 93 S.Ct. 1817; *Forman v. Small,* 271 F.3d 285, 292 (D.C.Cir.2001).

Based on the record in this case, the Court concludes that plaintiff cannot establish a *prima facie* case of discrimination because she has failed to satisfy the third element of the *Stella/Freedman* test or the fourth element of the *McDonnell Douglas* test. It is undisputed that plaintiff is a member of a protected class and that she suffered adverse employment actions in being denied two promotions in January 1999.[6] The circumstances of the denials, however, do not give rise to an inference of discrimination or demonstrate that she was denied the promotion because of her membership in a protected class. Plaintiff has presented no evidence beyond her own word that the denial of the promotions resulted from discrimination by defendant, such as documentation that she was qualified for the promotions, that defendant continued to seek applicants after rejecting plaintiff who were no more qualified than she, or that the positions ultimately were given to people outside of her protected class. *See McDonnell Douglas Corp. v. Green,* 411 U.S. at 802, 93 S.Ct. 1817. While plaintiff makes sweeping claims of discrimination, she has presented no admissible evidence setting forth "specific facts showing that there is a genuine issue for trial" on this issue. *See* Fed.R.Civ.P. 56(e) Plaintiff's allegations are supported primarily by her own affidavit, which was written as part of a different lawsuit entirely, one year *prior* to the events at issue here, an affidavit that is rife with specula-

tion and hearsay. *See* Pl. Opp., Exhibit 2, *Bansal, et al. v. WMATA,* Civil Action No. 96–2228, Affidavit of Christine S. Powell ("Powell Aff."). Such evidence fails to provide any objective basis for an inference of discrimination, thus defeating her *prima facie* case. *See, e.g., Brown v. Brody,* 199 F.3d at 457 (*prima facie* case of discrimination not made out where plaintiff offered no objective evidence of essential element of claim).

Moreover, the undisputed facts actually weigh against an inference of discrimination. Specifically, the record reflects that plaintiff applied for one promotion in September 1998 and for two others posted in October 1998, all of which involved Contract Administrator positions at the TA–22 level in WMATA's Office of Procurement. On January 29, 1999, plaintiff was denied both of the promotions that had been posted in October. On March 27, 1999, however—just two months after the allegedly discriminatory promotion denials—plaintiff was promoted to the TA–22 Contract Administrator position for which she had applied in September. Defendant also states (and plaintiff does not contest) that it subsequently promoted plaintiff to a TA–24 position. *See* Defendant's Motion for Summary Judgment, Defendant's Statement of Material Facts As To Which There Is No Genuine Issue of Dispute at ¶¶ 7, 8. As a matter of common sense, defendant's rapid and repeated promotions of plaintiff after the alleged discrimination undermine plaintiff's theory of failure to promote since, in the end, defendant did *not* fail to promote plaintiff. Rather, defendant elevated plaintiff up to and beyond

---

**6.** Plaintiff alleges numerous denials of promotion opportunities between 1974 and 1998 as well as unjustified reductions in the salary level of positions to which she was promoted, where the reductions were announced only after she had accepted the positions. The only claims before the Court, however, are those based on plaintiff's July 21, 1999 EEOC charge, *see supra* Section I, which referred to two promotions denied to plaintiff in 1999. Thus, plaintiff's claim rests solely on her denial of these two promotions on January 29, 1999.

the level that she sought. Given the lack of evidence in the record to support plaintiff's allegations, and given defendant's subsequent favorable treatment of plaintiff by repeated promotion, the Court concludes that plaintiff has failed to establish a *prima facie* case of discrimination. *See Stella v. Mineta,* 284 F.3d at 145.

### C. Plaintiff's Retaliation Claim

██ A *prima facie* case of retaliation under Title VII is established when a plaintiff demonstrates that: (1) she engaged in a protected activity; (2) the employer subjected the plaintiff to adverse action or to conduct that had an adverse impact on her; and (3) there is a causal link between the protected activity and the adverse action. *See Forman v. Small,* 271 F.3d at 299; *Thomas v. National Football League Players Ass'n,* 131 F.3d 198, 202 (D.C.Cir.1997), *vacated in part on rehearing on other grounds,* No. 96–7242, 1998 WL 1988451 (D.C.Cir. Feb. 25, 1998). To survive a motion for summary judgment, plaintiff needs only to establish facts adequate to permit an inference of retaliatory motive. *See Mitchell v. Baldrige,* 759 F.2d 80, 85 (D.C.Cir.1985). An adverse employment action includes a decision that significantly changes the plaintiff's employment status, such as a failure to promote. *See Burlington Industries Inc. v. Ellerth,* 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). The required causal link between the protected activity and the adverse action may be established by showing that the employer knew of the employee's protected activity and that the adverse action took place shortly after the employee engaged in that activity. *See Forman v. Small,* 271 F.3d at 299; *Mitch-*

*ell v. Baldrige,* 759 F.2d 80, 86 (D.C.Cir. 1985).

██ Here, plaintiff claims that WMATA retaliated against her for filing several internal and EEOC complaints when it denied her two promotions on January 29, 1999. Based on the facts in the record, the Court finds that plaintiff has satisfied the first and second elements of her *prima facie* case for retaliation, but has failed to demonstrate the third element—a causal link. The first element of plaintiff's claim is satisfied because she engaged in protected activity when she filed her formal complaints with the EEOC on April 8, 1997 and July 21, 1999 and internal complaints with the WMATA Office of Civil Rights on July 12, 1990 and possibly other dates. *See* 42 U.S.C. § 2000e–3(a) *et seq; Charlton v. Paramus Board of Educ.,* 25 F.3d 194, 201 (3rd Cir.1994); *McKenna v. Weinberger,* 729 F.2d 783, 791 (D.C.Cir.1984).[7] Plaintiff also satisfies the second element of a retaliation claim in that she was denied the two promotions posted in October 1998. For plaintiff to satisfy the third element, however, in the absence of any objective evidence of a causal link she must show that WMATA had knowledge of her internal or EEOC complaints and that the challenged promotion denial took place shortly thereafter.

It is undisputed that WMATA knew of plaintiff's EEOC complaints, but plaintiff provides no evidence of filing any complaint—internally or with the EEOC— shortly before January 1999. Her initial EEOC complaint was filed two years earlier, on April 8, 1997, and the second complaint was filed on July 21, 1999, six months *after* the allegedly retaliatory fail-

---

**7.** The dates and contents of plaintiff's allegedly "numerous" internal complaints are unclear from the record. *See* Pl. Opp. at 15. Because plaintiff's two EEOC complaints clearly constitute protected activity under Title VII, the Court need not focus on the number or timing of internal complaints to satisfy this element.

ure to promote. *See* Pl. Opp. at 4. The only evidence of an internal complaint filed by plaintiff with WMATA is a July 12, 1990 memorandum—written eight and a half years prior to the alleged retaliation—from plaintiff to "CIVR/Swanson" raising allegations of race and sex discrimination by her employer and requesting that the Office of Civil Rights look into her claims. *See* Pl. Opp., Exhibit 9, Memorandum from Christine Powell to CIVR/Swanson dated July 12, 1990. While plaintiff claims that she had filed an internal grievance after being denied a position for which she had applied in December 1991 she does not state the dates on which she was denied the position or filed the grievance. *See* Powell Aff. at ¶ 10. Indeed, plaintiff suggests that she filed many internal complaints over the years as she applied for and "was continuously denied" other promotions, but she provides no evidence of the dates of those complaints. *See* Pl. Opp. at 1.

Based on the record, the only evidence of a recent promotion that plaintiff was denied before the denial now challenged was in March of 1996. *See* Pl. Opp. at 15; *see also* Defendant's Motion for Summary Judgment, Exhibit 5, Plaintiff's Response to Defendant WMATA's First Set of Interrogatories at 7.[8] Even if plaintiff did file an internal complaint following this denial, such a complaint would be far too remote in time to permit an inference of causation between the protected activity and the allegedly retaliatory act in 1999. Finally, plaintiff claims that she filed an internal complaint on January 6, 1999, but provides absolutely no evidence in support of this assertion. Give the utter absence of evidence to support plaintiff's claim, the

Court concludes that plaintiff has failed to demonstrate the necessary causal link between her protected activity and defendant's allegedly retaliatory failure to promote. *See* Pl. Opp. at 15.

For all of these reasons, the Court finds that plaintiff has failed to make out a *prima facie* case of either discrimination or retaliation. The Court therefore grants summary judgment in favor of defendant. An Order consistent with this Opinion will issue this same day.

SO ORDERED.

### *ORDER AND JUDGMENT*

This case came before the Court on defendant's motion for summary judgment. For the reasons stated in the Opinion issued this same day, it is hereby

ORDERED that defendant's motion for summary judgment is GRANTED; it is

FURTHER ORDERED that JUDGMENT is entered for defendant; it is

FURTHER ORDERED that this case is DISMISSED from the docket of this Court; and it is

FURTHER ORDERED that this Order and Judgment shall constitute a FINAL JUDGMENT in this case. This is a final appealable order. *See* Rule 4(a), Fed. R.App. P..

· SO ORDERED.

---

8. It unclear from the record whether plaintiff was denied this promotion in March 1995 or in March 1996. Regardless of whether the promotion was denied in 1995 or 1996, however, the Court concludes that plaintiff has failed to show that she filed an internal complaint (or engaged in other protected activity) shortly before she was denied for a promotion in 1999.