Lillie **TENEYCK**, Plaintiff,

v.

**OMNI SHOREHAM HOTEL,** Defendant.

**No. CIV.A. 99–3315(RBW).**

United States District Court, District of Columbia.

March 19, 2003.

William Sheldon Stancil, David M. Wachtel, Rose & Rose, P.C., Washington, DC, for Plaintiff.

Lillie Teneyck, Washington, DC, Pro se.

Alexander Neal Barkus, Scot Allen Lewis Hinshaw, Hunton & Williams, Washington, DC, for Defendant.

### *MEMORANDUM OPINION*

WALTON, District Judge.

#### I.  *Background*

In this employment discrimination action, plaintiff, Lillie Teneyck ("Teneyck"), claims that defendant, the Omni Shoreham Hotel, discriminated against her by not hiring her for a vacant housekeeper position because of her race (black) and national origin (United States born)[1] in violation

---

1.  Teneyck conceded that there was insufficient evidence to support her discrimination

of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and because of her age (over 40 years) in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* A jury trial in this matter commenced on January 28, 2003.

At the close of Teneyck's case-in-chief, defendant moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. Defendant argued that, based solely on the evidence presented in Teneyck's case-in-chief, a reasonable jury could not infer discrimination by defendant based on any of the grounds raised by Teneyck, and, therefore, could not return a verdict in her favor. For the reasons stated herein, the Court granted defendant's motion.

## II. *Judgment as a Matter of Law Standard*

■ In relevant part, Rule 50(a) provides:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed.R.Civ.P. 50(a)(1). The application of this rule is similar to the standard courts employ when evaluating summary judgment motions, "such that 'the inquiry under each is the same.'" *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–251, 106 S.Ct. 2505,

91 L.Ed.2d 202 (1986)). When entertaining a motion for judgment as a matter of law, "the court should review all of the evidence in the record." *Reeves*, 530 U.S. at 150, 120 S.Ct. 2097. In so doing, the Court may not infringe on the province of the jury. It may not make determinations regarding credibility of witnesses or the weight of the evidence. *Id.* "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151, 120 S.Ct. 2097 (quoting 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2529, p. 300 (2d ed.1995)).

## III. *Teneyck's burden of proof*

■ One of Teneyck's burdens at trial was to present evidence from which "a reasonable jury could have found … intentional discrimination." *Dunaway v. Int'l Bhd. of Teamsters*, 310 F.3d 758, 763 (D.C.Cir.2002) (quoting *McGill v. Munoz*, 203 F.3d 843, 846 (D.C.Cir.2000)). At all times, it is the plaintiff's burden to "persuad[e] the trier of fact that the defendant intentionally discriminated against the plaintiff." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). In order to prevail at trial, based on the available evidence presented, a jury must be able to:

> infer discrimination from the combination of (1) the plaintiff's prima facie case; (2) any evidence the plaintiff presents to attack the employer's proffered explanation for its actions; and (3) any further evidence of discrimination that may be available to the plaintiff (such as independent evidence of discriminatory

claim based on national origin. Accordingly, the Court will dismiss this claim.

statements or attitudes on the part of the employer).

*Waterhouse v. District of Columbia*, 298 F.3d 989, 993 (D.C.Cir.2002) (citing *Aka v. Washington Hospital Center*, 156 F.3d 1284, 1289 (D.C.Cir.1998)). Such evidence may be either direct or circumstantial. *Dunaway*, 310 F.3d at 763 (citing *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 717, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983)). Direct evidence in employment discrimination actions may be difficult to produce, however. "[A]pplicants for employment have great informational disadvantages: they cannot reach into the minds of decisionmakers, and therefore they usually can gather only circumstantial evidence of discriminatory mo-

tives." *Cuddy v. Carmen*, 694 F.2d 853, 859 (D.C.Cir.1982).

Under the familiar framework set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff raising an employment discrimination claim may create a presumption of an employer's unlawful discrimination by establishing a prima facie case.[2] *See Burdine*, 450 U.S. at 254, 101 S.Ct. 1089. To establish a prima facie case of race discrimination, a plaintiff must "establish[ ] that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination."[3] *Stella v. Mineta*, 284 F.3d 135, 145 (D.C.Cir.2002) (citing *Brown*

---

**2.** The model set forth in *McDonnell Douglas* requires a plaintiff to show:

(i) that [s]he belongs to a racial minority;

(ii) that [s]he applied and was qualified for a job for which the employer was seeking applicants;

(iii) that, despite [her] qualifications, [s]he was rejected; and

(iv) that, after [her] rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. This test is not rigid; it must be flexible and adjusted to the facts of a particular case. *Id.; see Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978); *see Dunaway*, 310 F.3d at 762 (citing *Aikens*, 460 U.S. at 715, 103 S.Ct. 1478) (rejecting idea that *McDonnell Douglas* test is "rigid, mechanized, or ritualistic"). This Circuit has articulated an alternative formulation for the prima facie case test as follows:

Plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) her employer took the adverse employment action because of her membership in a protected class.

*Freedman v. MCI Telecommunications Corp.*, 255 F.3d 840, 843 (D.C.Cir.2001); *see Powell v. Washington Metro. Area Transit Auth.*, 238

F.Supp.2d, 160, 164 n. 5 (D.D.C.2002) (finding that plaintiff failed to prove discrimination under either *McDonnell Douglas* or *Freedman* test).

**3.** If a plaintiff makes out her prima facie case of discrimination, the burden then shifts to the employer to proffer a legitimate, nondiscriminatory reason for the challenged employment decision. *See McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817; *see Aka*, 156 F.3d at 1289 (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)) (function of prima facie case is to compel employer to produce evidence that adverse employment action taken for legitimate, nondiscriminatory reason). When the employer meets its burden of production on this issue, it rebuts plaintiff's prima facie case, and the presumption of discrimination created by the prima facie case "drops out of the picture." *Dunaway*, 310 F.3d at 762 (citing *Reeves*, 530 U.S. at 143, 120 S.Ct. 2097). The burden then shifts back to the plaintiff, who has an opportunity to persuade the factfinder either directly that the a discriminatory reason motivated the employer's action, or indirectly by discrediting the employer's explanation. *See Burdine*, 450 U.S. at 256, 101 S.Ct. 1089 (citing *McDonnell Douglas*, 411 U.S. at 804–05, 93 S.Ct. 1817); *see also Aka*, 156 F.3d at 1292 (plaintiff not required to produce direct evidence of discriminatory intent in order to prevail at trial).

*v. Brody*, 199 F.3d 446, 452 (D.C.Cir. 1999)).

■ The *McDonnell Douglas* framework is also applicable to age discrimination claims under the ADEA. *Reeves*, 530 U.S. at 142, 120 S.Ct. 2097 (assumed that *McDonnell Douglas* framework fully applies to ADEA action); *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) (same). Accordingly, to make out a prima facie case of age discrimination, plaintiff must establish her membership in the protected age group, her qualifications for the position, and that she was not selected for the position. *Cuddy*, 694 F.2d at 857. At bottom, "a plaintiff must demonstrate facts sufficient to create a reasonable inference that age discrimination was a 'determining factor' in the employment decision."[4] *Id.* at 856–57.

### IV. Teneyck's case-in-chief

■ Teneyck's case-in-chief consisted only of her testimony. Regarding her race discrimination claim, Teneyck established that she is black, that defendant had an available housekeeper position at the time she applied, that she was qualified for the position, and that she was not selected for the position. Regarding her age discrimi-

nation claim, Teneyck established that she was 61 years of age at the time she applied for the housekeeper position, that defendant had a housekeeper position open at that time, that she was qualified for the position, and that she was not hired for the position. There is no dispute that Teneyck is a member of the two protected classes and that she suffered an adverse employment action by defendant's decision not to hire her. At most, Teneyck's testimony eliminated "the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the absence of a vacancy in the job sought." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 n. 44, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). This showing standing alone, however, is insufficient to withstand defendant's motion.

### V. Teneyck failed to present sufficient evidence from which a reasonable jury could infer employment discrimination based on her race or age

Markedly absent from Teneyck's case-in-chief was any *evidence* to support her claim that the reason for defendant's decision not to hire her was based on an improper motive, or any motive at all.[5] To

---

**4.** A prima facie case raises "an inference of discrimination because the conduct at issue is presumed to be based on consideration of impermissible factors and, absent *any* evidence to the contrary, can be presumed to be a 'determining' cause of the discrimination." *Cuddy*, 694 F.2d at 857 n. 20 (citing *Smithers v. Bailar*, 629 F.2d 892, 895 (3rd Cir.1980)) (emphasis in original).

**5.** Teneyck survived defendant's motion for summary judgment because she benefited from the existence of a genuine issue of material fact regarding defendant's decision not to hire her that was created by evidence offered by defendant. In its summary judgment motion, defendant represented that it chose not to hire Teneyck because she was

not available to work on weekends. "[O]nce the defendant has done everything that would be required of him if the plaintiff had properly made out a *prima facie* case, whether the plaintiff really did so is no longer relevant because [t]he district court has before it all the evidence it needs to decide whether the defendant intentionally discriminated against the plaintiff." *Dunaway*, 310 F.3d at 762 (citing *Aikens*, 460 U.S. at 715, 103 S.Ct. 1478) (internal quotation marks omitted). Plaintiff's affidavit, stating that she was available to work on weekends, successfully challenged defendant's representation. This conflict aided plaintiff in her effort to establish her prima facie case. Thus, having considered "all the evidence in its full context,"

prove race or age discrimination, it is not enough for Teneyck to show that she is black, is over 40 years of age, and that she was not selected for a vacant position for which she was qualified. A prima facie case "requires 'evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion.' " *O'Connor*, 517 U.S. at 312, 116 S.Ct. 1307 (citing *Int'l Bhd. of Teamsters*, 431 U.S. at 358, 97 S.Ct. 1843). Teneyck merely *speculates* that defendant did not hire her because of her race and age. She offers no objective evidence from which a jury can infer that she was not hired *because of* her race. *See Powell v. Washington Metro. Area Transit Auth.*, 238 F.Supp.2d 160, 165 (D.D.C.2002) (plaintiff's own affidavit, which was the sole evidence that the adverse employment action was because of her membership in protected class, offered no "objective basis for an inference of discrimination, thus defeating her prima facie case"). Likewise, she failed to present any evidence that would justify a jury inferring that she was not selected by defendant due to her age. *Cf. Dunaway*, 310 F.3d at 767 (mere fact that plaintiff was replaced by younger employee insufficient for jury to conclude that plaintiff not selected because of her age); *cf. Belian v. Texas A & M University Corpus Christi*, 987 F.Supp. 517, 521 (S.D.Tex.1997) (sole evidence presented on age discrimination claim was plaintiff's testimony regarding her date of birth, which was not sufficient to show that her discharge based on age).

At the close of Teneyck's case, there was no evidence other than her testimony on which she could rely. There was neither evidence of defendant's reason or reasons for its decision not to hire her, nor evidence tending to show that an explanation proffered by defendant was a pretext, nor any other evidence of defendant's discriminatory motive. *See Waterhouse*, 298 F.3d at 993. In other words, Teneyck's testimony with regard to the circumstances of the adverse employment action neither gives rise to an inference of discrimination nor demonstrates that she was denied the position because of her membership in a protected class. *See O'Connor*, 517 U.S. at 312, 116 S.Ct. 1307 (citing *Int'l Bhd. of Teamsters*, 431 U.S. at 358, 97 S.Ct. 1843) (plaintiff must produce "evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion").

Teneyck had adequate opportunity to garner evidence of defendant's discrimination, if it existed. The parties engaged in discovery, during which time Teneyck could have deposed witnesses or obtained documentary evidence in support of her discrimination claims. Teneyck might have presented evidence, for example, to show that defendant hired a person who is not black or who is younger to fill the housekeeper position. She might have presented evidence to show the racial composition and age distribution of defendant's employees. She could have called defendant's employees as witnesses in her case-

*Aka*, 156 F.3d at 1290, based on the record before the Court at the time it was considering defendant's motion for summary judgment, the Court's ruling, denying the motion, was appropriate.

At this stage, the Court must determine whether, based *only* on Teneyck's testimony, there is a legally sufficient basis for a reasonable jury to find in her favor. As indicated, the case in its current posture is devoid of

critical evidence that was before the Court at the summary judgment stage, and therefore warrants a different result. *See Thorpe v. Mutual of Omaha Insurance Co.*, 984 F.2d 541, 545 (1st Cir.1993) ("Evidence adduced at trial will almost always differ in degree, force, and quantity from that submitted on a motion for summary judgment. The earlier denial of summary judgment standing alone in no way impeaches the later directed verdict.").

in-chief and set up the conflict that was in play when the summary judgment motion was before the Court. She could have sought other evidence of discriminatory statements or improper attitudes of defendant's employees or officials. More importantly, Teneyck could have moved to reopen her case-in-chief in order to cure any deficiencies of proof exposed by defendant's Rule 50 motion. She took none of these steps. Rather, it appears that Teneyck intended rely on the minimal evidence presented in her case-in-chief, with the belief that it established a prima facie case, shifting the burden of production to defendant, after which she then could challenge the truth of defendant's purported reason for its decision not to hire her. If in fact this was Teneyck's strategy, it was a mis-calculation of what she had to prove in her case-in-chief, which worked to her detriment.

## VI. *Conclusion*

Because Teneyck's testimony is legally insufficient for a reasonable jury to infer that she was discriminated against because of her race or age, defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for judgment as a matter of law must be granted.[6]

### *ORDER and JUDGMENT*

For the reasons stated in the accompanying Memorandum Opinion, on this 19th day of March 2003, *nunc pro tunc* to the 29th day of January 2003, it is hereby

ORDERED that plaintiff's claim of discrimination based on national origin is **DISMISSED**, and it is

FURTHER ORDERED that defendant's oral motion pursuant to Fed. R.Civ.P. 50(a) for judgment as a matter of law as to plaintiff's claims of race and age discrimination is **GRANTED**, and it is

FURTHER ORDERED that **JUDGMENT** shall be entered for defendant. This is a final appealable Order. *See* Fed. R.App. P. 4(a).

SO ORDERED.

---

6. An Order consistent with this Memorandum Opinion is issued separately.