**Shirley A. RAMSEUR, Plaintiff,**

v.

**Hector BARRETO, Administrator, United States Small Business Administration, Defendant.**

**No. CIV.A. 00–0240 DAR.**

United States District Court, District of Columbia.

March 12, 2003.

Richard A. Salzman, Heller, Huron, Chertkof, Lerner, Simon & Salzman, Washington, DC, for plaintiff.

David T. Smorodin, Mary Jane Rieser, Beverly M. Russell, Benton Peterson, U.S. Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

DEBORAH ANN ROBINSON, United States Magistrate Judge.

Plaintiff, in a two-count complaint filed on February 10, 2000, alleged race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* In Cont One, plaintiff alleged that defendant's denial of "assignments and career enhancing opportunities," and defendant's refusal to select her for a GS–14 branch chief position, constituted race discrimination in violation of Title VII. Complaint for Relief from Discrimination in Employment ("Complaint") ¶¶ 16–17. In Count Two, plaintiff alleged that defendant's actions in (1) refusing to select her for the branch chief position; (2) denying training and the opportunity to attend work-related events; (3) giving "false" and "negative" evaluations; (4) issuing a "contrived" disciplinary action and (5) "denying her requested reassignment" were all in retaliation for the protected activity in which she engaged. Complaint ¶¶ 18–19. Defendant, in an Answer filed on April 11, 2002, pled as affirmative defenses (1) failure to state a claim upon which relief can be granted; (2) that plaintiff's claims are barred "by applicable statute(s) of limitations"; (3) plaintiff's failure to exhaust her administrative remedies and (4) her failure to mitigate her damages. Answer at 1.[1] Defendant's Motion for Partial Judgment on the Pleadings— filed April 19, 2002, one year after the April 20, 2001 close of discovery— was stricken from the record. April 29, 2002 Order (Docket No. 45) at 1.

A jury trial commenced on May 6, 2002. On May 16, 2002, the jury found in favor of defendant with respect to plaintiff's discrimination claim. With respect to the two acts of alleged retaliation identified on the special verdict form— the 1997–98 evaluation and the denial of reassignment— the jury found in favor of plaintiff. The jury awarded compensatory damages of $180,000 for plaintiff's claim regarding the evaluation, and compensatory damages of $240,000 for her claim regarding defendant's denial of her request for reassignment. The court reduced the award to a total of $300,000. 42 U.S.C. § 1981a.

Defendant now moves for an amendment of the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or alternatively, for remittitur of the jury verdict (Docket No. 50). Defendant's Rule 59 request is predicated upon two grounds: (1) refusal to reassign "is not [an] adverse per-

---

1. With respect to plaintiff's allegations regarding defendant's refusal to grant her request for reassignment (Complaint ¶ 14), defendant admitted that plaintiff requested reassignment, but denied the allegations of retaliation. Answer ¶ 14.

sonnel action[,]" and (2) plaintiff failed to rebut the legitimate, non-discriminatory reasons defendant articulated for plaintiff's 1997–98 evaluation. Defendant's Memorandum of Points and Authorities in Support of its Motion for an Amendment of Judgment, or Alternatively, for Remittitur of the Jury Verdict ("Defendant's Memorandum") at 6–11. In support of his alternative motion for remittitur, defendant submits that the jury's compensation of damages award was "against the weight of the evidence" and "excessive," and maintains that the award should not exceed a total of $5,000. *Id.* at 2, 11–19.

Plaintiff, in her opposition, maintains that the evidence was "more than sufficient" to support the jury's verdict in her favor. Plaintiff's Opposition to SBA's Post–Verdict Motion ("Plaintiff's Opposition") (Docket No. 69) at 1; *see also id.* at 9–11. Plaintiff further maintains that defendant's refusal to grant her request for reassignment was actionable in accordance with the law of this circuit. *Id.* at 4–9.[2] With respect to defendant's request for remittitur, plaintiff submits that defendant's "invitation to second-guess" the jury's award— which already has been adjusted by the court not to exceed the statutory cap— is "plainly disfavored" by this circuit. *Id.* at 11; *see also id.* at 3,12–14.

Defendant, in his reply, raises two contentions for the first time. First, defendant submits that plaintiff's arguments regarding "her unhappiness and stress" resulting from her non-selection for the branch chief position, as well as her "numerous complaints" about her interactions with her colleagues and supervisors, "appear to be setting the stage for some sort of hostile work environment claim, which was not presented to or decided by the jury." Defendant's Reply to Plaintiff's Opposition to SBA's Post–Verdict Motion ("Defendant's Reply") (Docket No. 64) at 2. Second, defendant submits that "[p]laintiff has not at any point in this case indicated that she was claiming to have suffered health problems as a result of her experiences at SBA," and that her trial testimony regarding such problems "[was] not supported by any credible evidence from a medical professional, and thus should not serve as the basis for a jury verdict." *Id.* at 8.

Plaintiff characterizes defendant's argument regarding the retaliation claim as "disingenuous[,]" since her claim regarding denial of her request for transfer "has been a part of this case since the inception, and has been raised at each stage of the litigation." Plaintiff's Sur–Reply at 4.

Upon consideration of defendant's motion, the memoranda in support thereof and in opposition thereto and the entire record herein, defendant's motion will be denied.

## DISCUSSION

### *Amendment of Judgment*

This circuit has repeatedly held that

> Rule 59(e) motions "need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' "

*Anyanwutaku v. Moore,* 151 F.3d 1053, 1057–58 (D.C.Cir.1998) (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir. 1996)(per curiam)) (internal citation omitted). This court has observed that Rule 59(e) of the Federal Rules of Civil Procedure "is designed to allow courts to correct errors of fact appearing on the face of the record or errors of law," but that "the movant 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *United States v. Western Electric Co.,* 690 F.Supp. 22, 25 (D.D.C.1988), *aff'd in part, rev'd in part on other grounds,* 900 F.2d 283 (D.C.Cir.1990). Thus, a motion to alter or amend a judgment "is not routinely granted[,]" and " 'is not simply an opportunity to reargue facts and theories on which a court has already ruled' " or " '[to bring] before the court theories or arguments that

---

**2.** Plaintiff observes that "[t]he government did not move to dismiss this claim after receiving the Complaint, nor did it move for summary judgment after the close of discovery, even through *Brown v. Brody,* 199 F.3d 446, 455 (D.C.Cir. 1999), which the government now erroneously argues would bar such a claim, was decided long before the Complaint here was filed. Sur–Reply to Defendant's Post–Trial Motions ('Plaintiff's Sur–Reply') (Docket No. 69) at 2."

were not advanced earlier.' " *Harvey v. District of Columbia,* 949 F.Supp. 878, 879 (D.D.C.1996) (citations omitted).

Defendant fails to identify the alteration or amendment of the judgment he requests. Instead, relying solely upon *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), defendant states simply that "Rule 59(e) can be used to ask that a judgment be set aside in its entirety." Defendant's Memorandum at 4. However, the Supreme Court included no such holding in *Foman;* rather, in considering the decision of the lower court to evaluate a motion to vacate a judgment in accordance with Rule 59(e) rather than Rule 60(b), the Supreme Court held only that the lower court's decision to do so "was permissible, at least as an original matter[.]" *Foman,* 371 U.S. at 181, 83 S.Ct. 227.[3] This circuit has never held that Rule 59(e) "can be used" as the basis of a motion to set aside a judgment "in its entirety" on the grounds offered here: (1) whether a challenged action is an adverse personnel action as defined by *Brown v. Brody* and its progeny, and (2) plaintiff's supposed failure to rebut the legitimate, non-discriminatory reasons articulated by defendant for plaintiff 1997–98 evaluation— a matter confined to the issue of sufficiency of the evidence— which defendant addressed in his Rule 50 motions. Indeed, so strained a reading of Rule 59(e) is plainly inconsistent with the narrow and discrete grounds upon which relief is available under the rule.

## I. Denial of Request for Reassignment

■ In any event, defendant has failed to identify any "clear error" in the judgment, or to articulate the "manifest injustice" which will occur in the absence of relief. With respect to defendant's argument that plaintiff's retaliation claim predicated upon defendant's denial of her request for a reassignment is not actionable, the undersigned finds that defendant has overstated this circuit's holding in *Brown v. Brody.* In *Brown,* this circuit held that "federal employees like their private counterparts must show that they have suffered an adverse personnel action in order to establish a prima facie case under the *McDonnell Douglas* framework." *Brown,* 199 F.3d at 446. However, the circuit also held that

> no particular type of personnel action [is] automatically excluded from serving as the basis of a cause of action under 42 U.S.C. § 2000e–16(a).

*Id.* Moreover, the circuit

> agree[d] with Brown that involuntary transfers, performance evaluations, *and refusals of transfer applications* are "personnel actions" covered by § 2000e–16(a).

*Id.* at 455 n. 8 (emphasis supplied). Defendant's assertion that refusal to reassign is not an adverse personnel action, Defendant's Memorandum at 6, is thus plainly inconsistent with *Brown's* holding.

Defendant also argues that plaintiff did not show that she suffered any "materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm." Defendant's Memorandum at 6 (quoting *Brown,* 199 F.3d at 457). However, the undersigned finds that the argument is undermined by the evidence offered at trial, including the testimony of defendant's managers, who conceded that plaintiff's work environment had become "intolerable." May 9, 2002 Tr. at 166; May 15, 2000 Tr. at 96–97; *see also* Defendant's Memorandum at 5–7.[4] Such evidence— coupled with

---

3. While defendant cites the Supreme Court's holding in *Foman,* the language he employs appears to that of the Eight Circuit, which has held that "[a]lthough the words 'alter or amend' imply something less than 'set aside,' a court may use Rule 59(e) to set aside an entire judgment." *Sanders v. Clemco Indus.,* 862 F.2d 161, 168 n. 13 (8th Cir.1988) (citation omitted). However, the District of Columbia Circuit has never so held.

4. Defendant attempts to treat this evidence as a belated hostile work environment claim. Defendant's Reply at 2–3. However, the undersigned finds that the evidence is relevant to the issues of whether the denial of the request for reassignment had any "materially adverse consequences[,]" or caused plaintiff to suffer any "objectively tangible harm." *Stewart v. Ashcroft,* 211 F.Supp.2d 166, 175 (D.D.C.2002). In *Stewart,* the plaintiff sought a lateral transfer "that would sustain his placement as one of the only

the unrebutted testimony that defendant's managers denied plaintiff's request for reassignment because they did not want to "reward" her for her complaints of discrimination— provided more than ample evidence to support a finding that defendant's action had "materially adverse consequences" and caused plaintiff "objectively tangible harm." *Cf. Stewart,* 211 F.Supp.2d at 174 (plaintiff suffered no "objectively tangible harm" where he was never "punished"); *see also Freedman v. MCI Telecommunications Corp.,* 255 F.3d 840, 844 (D.C.Cir.2001) (fact that plaintiff received a pay differential for working the night shift, a transfer which he challenged as discriminatory, does not "necessarily demonstrate that he was not adversely affected by the change.").

## II. 1998 Performance Appraisal

 The undersigned finds no basis under Rule 59(e) to disturb the jury's determination that plaintiff's performance appraisal for 1997–98 was in retaliation for her protected activity, and not for the legitimate, non-discriminatory reasons defendant offered. Defendant points to no "change of controlling law"; moreover, as all of the evidence which defendant discusses in the memorandum in support of his motion was offered at trial, such evidence certainly is not "new." Defendant's motion to "alter or amend" the judgment to entirely vacate it is no more than a request that the court substitute defendant's assessment of the credibility of the witnesses and the weight of the evidence for the jury's assessment.[5]

In any event, the undersigned finds that nexus between plaintiff's protected activity and the 1998 performance appraisal, coupled with the absence of contemporaneous evidence of any deterioration of plaintiff's performance of her duties, provided more than sufficient evidence to support the jury's find-

two SES executives" in the organizational unit to which he was assigned, and was unable to demonstrate that he suffered the "objectively tangible harm" he alleged. *Id.* at 174, 175. In the instant case, however, the evidence of "objectively tangible harm" was offered not only through plaintiff's testimony, but also the testimony of defendant's managers.

ing. *Cones v. Shalala,* 199 F.3d 512, 521 (D.C.Cir.2000).

### Remittitur

 Defendant's arguments regarding remittitur are equally unpersuasive. It is well-settled that

> this circuit allows remittitur of jury verdicts only if the reduction "permit[s] recovery of the highest amount the jury tolerably could have awarded."

*Langevine v. District of Columbia,* 106 F.3d 1018, 1024 (D.C.Cir.1997) (citation omitted). More recently, this circuit has held that it will require remittitur only when

> (1) the verdict is beyond all reason, so as to shock the conscience, or (2) the verdict is so inordinately large as to obviously exceed the maximum limit of a reasonable range within which the jury may properly operate.

*Peyton v. DiMario,* 287 F.3d 1121, 1126 (D.C.Cir.2002) (citations omitted); *see also Langevine,* 106 F.3d at 1024 (citation omitted). Furthermore this circuit has cautioned that

> [a] court must be especially hesitant to disturb a jury's determination of damages in cases involving intangible and non-economic injuries.

*Langevine,* 106 F.3d at 1024 (citation omitted).

 In his nine-page survey of cases in which a judge reduced a jury's award of compensatory damages, defendant fails to cite a single decision of a judge of this court, or a panel of this circuit, in which an award of the statutory maximum in a Title VII case has been reduced for the reasons offered by defendant here. First, defendant characterizes the award as "against the clear weight of the evidence" and "excessive." Defendant's

5. Leann Oliver, Jane Butler and Jody Raskind, the managers whose testimony defendant offered in an effort to demonstrate a legitimate, non-discriminatory reason for defendant's actions, were impeached with prior inconsistent statements on at least twenty occasions. *E.g.,* May 8, 2002 Tr. at 74 (Docket No. 47); May 9, 2002 Tr. at 6, 68,74, 89 (Docket No. 57); May 10, 2002 Tr. at 95 (Docket No. 48).

Memorandum at 2. However, the law of this circuit is that

> [v]erdicts may be labeled excessive, however, only when they are "beyond all reason" or "so great as to shock the conscience."

*Langevine,* 106 F.3d at 1024 (citation omitted). The undersigned finds that defendant has not made either showing. Additionally, the undersigned finds that defendant's reliance on *Nyman v. FDIC,* 967 F.Supp. 1562 (D.D.C.1997)(Defendant's Memorandum at 12–13) is misplaced, since this circuit has since rejected the proposition that

> cases involving some perceived or even evident degree of injury less than the most egregious must inherently be awarded some figure lower than the cap.

*Peyton,* 287 F.3d at 1127.

Next, defendant states that awards "comparable" to the one here have been reduced. Defendant's Memorandum at 11. However, this circuit has also rejected such comparisons as a basis upon which to determine whether remittitur should be ordered:

> The cases appellant offers for purposes of comparison in which lesser damages were awarded or approved do not convince us [that the award should be reduced]. In rejecting that line of argument, we find useful the reasoning of a state court considering a similar question in a different context .... "Because of the unique circumstances of each case as well as the adjustments which would necessarily have to be made for inflation, it is awkward to discuss the size of an award through comparison with past decisions."

*Peyton,* 287 F.3d at 1127 (citation omitted).

Third, defendant claims that plaintiff offered no expert testimony regarding her nonpecuniary losses. Defendant's Reply at 8; Defendant's Memorandum 11–12. However, defendant cites no authority which holds that expert testimony is required in order for a plaintiff to recover compensatory damages in a Title VII case. Indeed, this court has expressly held that a plaintiff may recover compensatory damages in a Title VII case absent expert testimony. *Jefferson v. Milvets System Technology, Inc.,* 986 F.Supp. 6, 8 (D.D.C.1997).

Finally, defendant offers no authority for, or explanation of, his request to reduce the award from the statutory maximum to $5,000. An amount so nominal is tantamount to no award at all, and would constitute an arbitrary invasion by the court into the province of the jury. *Cf. Langevine,* 106 F.3d at 1024 ("[B]ecause the Seventh Amendment right to a jury trial pervades the realm of jury verdict decisions, this circuit allows remittitur of jury verdicts only if the reduction 'permit[s] recovery of the highest amount the jury tolerably could have awarded.' ") (citation omitted).

## CONCLUSION

For the foregoing reasons, it is, this _____ day of March, 2003,

**ORDERED** that Defendant's Motion for an Amendment of Judgment, or Alternatively, for Remittitur of the Jury Verdict (Docket No. 50) is **DENIED.**