Caroline O'BAR, Plaintiff

v.

**BOROUGH OF NAUGATUCK,
et al., Defendants**

No. 3:01–CV–867 EBB.

United States District Court,
D. Connecticut.

April 30, 2003.

Joseph C. Maya, Merrie F. Hawley, Bryan T. Carmody, Maya & Associates, Fairfield, CT, for Plaintiff.

Philip J. O'Connor, Renee Wocl Dwyer, Patty G. Swan, Melissa B. Geetter, Gordon, Muir & Foley, Hartford, CT, John A.

Blazi, Waterbury, CT, Allison Reilly–Bombara, Waterbury, CT, for Defendants.

### RULING ON MOTION FOR JUDGMENT AS A MATTER OF LAW

ELLEN B. BURNS, Senior District Judge.

This is a renewed Motion for Judgment as a Matter of Law ("JMOL"), the initial Motion having been timely made at trial of this case. The Court determined to reserve decision at that time. Nine of the original twenty-five counts were submitted to the jury and it returned a verdict in favor of Plaintiff on two of them, retaliation under both federal and state law. The plaintiff did not prevail against the individual Defendants. Defendant Borough of Naugatuck ("Borough") filed its renewed Motion, which Motion is now ready for decision.

### STATEMENT OF FACTS

There have been many earlier decisions written on this case and the Court assumes familiarity therewith. Accordingly, the Court sets forth only those facts necessary to an understanding of the issues raised in, and decision rendered on, this Motion.

After a nine-day jury trial, the jury was sent to deliberate with jury interrogatories consisting of nine questions. One of the questions involved Plaintiff's claim of gender discrimination under both state and federal law; one involved her claims of retaliation for filing grievances with the Borough and the CHRO and EEOC, again under both state and federal law; one question was with regard, under both state and federal law, to her claims of constructive discharge; one was a state-law claim for violation of CFEPA; four were state-law claims against each of the individual

Defendants, alleging the intentional infliction of emotional distress; and, finally, a damages question.

When the verdict was returned to Court, the jury announced that the only claims on which it found in favor of Plaintiff were those of retaliation. All other claims were found in favor of the Defendants. The damages award was for $10,000.

Plaintiff filed her first grievance against the Borough in October, 1999, because it had considered her maternity leave to be "unexcused sick time", which left her with an unsatisfactory evaluation. She testified that she believed that this would greatly harm her professionally if the evaluation was not re-done, inasmuch as the evaluation would become a part of her personnel file. Plaintiff then claimed that she was subjected to extensive harassment and retaliation, until she finally felt she could do nothing other than file a grievance with the CHRO.

The following are examples of instances of behavior which Plaintiff saw as retaliatory and were so daunting that she determined to leave employment with the Borough:

Removal from the DARE program

Less senior officer, with far less training and experience, allowed to continue teaching DARE;

Failure to give her an overtime assignment to the Thanksgiving Day high school football game;

Following by the Chief;

Requesting her personnel file in order to determine whether her unsatisfactory performance evaluation had been removed, which request was handled in an untimely manner;

Assigned to a walking beat;

Assignment of another officer, over which she had seniority, to a day shift assignment;

Assignment of another junior officer to the K9 unit, which position she desired;

Her being called into Captain Fortin's office to be told that her husband was being put on light duty status regardless of medical advice to the contrary;

Denial of reimbursement for sunglasses broken on duty;

Her locker was opened without her consent;

Her bicycle bag was opened, again without consent;

She was removed from the COPS unit;

Early termination of the bicycle unit, of which she was a member;

Requiring her to go to driver re-training class as a result of a *de minimus* automobile accident;

Verbal reprimand regarding the proper way for her to salute the flag;

Officer Jacobowsky, rather than Plaintiff, assigned to Juvenile Detective Division;

Deputy Chief refused to sit on grievance committee with her.

## LEGAL ANALYSIS

### I. The Standard of Review

Because a judgment as a matter of law intrudes upon the rightful province of the jury, it is highly disfavored. The Court of Appeals for the Second Circuit has repeatedly emphasized that, when confronted with such a motion, the court must carefully scrutinize the proof with credibility assessment made against the moving party and all inferences drawn against the moving party. *Luciano v. The Olsten Corp.*, 110 F.3d 210, 214–15 (2d Cir.1997); *EEOC v. Ethan Allen, Inc.*, 44 F.3d 116, 119 (2d Cir.1994). A district court may not grant a motion for judgment as a matter of law unless "the evidence is such that . . . there can be but one conclusion as

to the verdict that reasonable [persons] could have reached." *Cruz v. Local Union No.3, Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1154–55 (2d Cir.1994). *See also U.S. v. One Parcel of Property Located at 121 Allen Place, Hartford, Connecticut*, 75 F.3d 118 (2d Cir.1996); *Samuels v. Air Transport Local 504*, 992 F.2d 12, 14 (2d Cir.1993), *cert. denied*, 513 U.S. 1171, 115 S.Ct. 1146, 130 L.Ed.2d 1105, 148 L.R.R.M.(BNA) 2576. *Accord Rolon–Alvarado v. Municipality of San Juan*, 1 F.3d 74, 77 (1st Cir.1993)(motion should be granted when evidence so one-sided reasonable minds could not differ as to outcome). *See also Mattivi v. South African Marine Corp.*, 618 F.2d 163, 168 (2d Cir. 1980)(Rule 50 motion granted only where "[t]here is such a complete absence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture.") Accordingly, this Court may grant a judgment as a matter of law only if this case meets these stringent standards.

### II. The Standard as Applied

In order to establish a *prima facie* case of retaliation under Title VII and CFEPA, a Plaintiff must plead and prove that: (1) she was engaged in an activity protected by those statutes; (2) her employer was aware of her participation in the protected activity; (3) her employer took adverse action against her; and (4) a causal connection existed between her protected activity and the adverse activity taken by her employer. *Raniola v. Bratton*, 243 F.3d 610, 624 (2d Cir.2001). The Borough challenges prong three only.

"A plaintiff may suffer an 'adverse employment action' if she endures a 'materially adverse change in the terms and conditions of employment.'" *Richardson v. New York Dep't of Corr. Serv.*, 180 F.3d 426, 446 (2d Cir.1999), *quoting Torres v.*

*Pisano,* 116 F.3d 625, 640 (2d Cir.1997). *Accord Galabya v. New York Board of Educ.,* 202 F.3d 636, 640 (2d Cir.2000). "A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities or other indices ... unique to a particular situation." *Galabya,* 202 F.3d at 640.

■ The Borough argues that Plaintiff has failed to suffer an adverse employment action. The Court disagrees. While it must be acknowledged that the complaints above may not, in and of themselves, meet this standard, the jury could have found that, *in toto,* they do. Several amounted to a decrease in salary, as they meant being transferred to a shift for which there was less opportunity for overtime, for example. Similarly, her removal from the DARE program was of negative monetary consequence to her, as she would no longer be paid the amount of overtime she had been paid to teach the DARE program. The termination of the bicycle unit the very day after Plaintiff's second grievance was heard is no doubt a retaliatory action, inasmuch as the Mayor then required the Chief to restart the unit because the weather was perfect for it.

The other actions, taken together, are particular indices to this unique situation and, together, form an adverse employment action. Consequently, the Borough fails to meet the stringent standards for judgment as a matter of law.

■ The Court holds, too, that the Borough has waived its right to complain of failure to exhaust administrative remedies, by not claiming it at a much earlier time in this litigation, whether in front of the CHRO, in a motion to dismiss, or even, finally, in the motion for summary judgment. After a nine-day trial and a jury verdict, this Court will not send Plaintiff back to "square one."

## CONCLUSION

Drawing all inferences in favor of the non moving party, as the Court must do in a Rule 50 Motion, the Court holds that the jury did not commit error in finding that the Borough retaliated against Plaintiff for the filing of grievances, CHRO and EEOC complaints and that Plaintiff, accordingly, suffered an adverse employment action as a result thereof. Resultingly, the Borough's Renewed Motion for Judgment as a Matter of Law Following Jury Verdict [Doc. No. 179] is hereby DENIED.

SO ORDERED.