**Leon L. THOMAS, Plaintiff,**

v.

**Norman Y. MINETA, Secretary, United States Department of Transportation, Defendant.**

**No. CIV.A. 01–0451.**

United States District Court, District of Columbia.

March 25, 2004.

Joel P. Bennett, The Law Office of Joel P. Bennett, Washington, DC, for Plaintiff.

Laurie J. Weinstein, United States Attorney's Office, Washington, DC, for Defendant.

### MEMORANDUM OPINION AND ORDER

DEBORAH A. ROBINSON, United States Magistrate Judge.

Defendant's Renewed Motion for Judgment as a Matter of Law, Motion for a New Trial, or Remittitur of Verdict (Docket No. 41) is pending for determination by the undersigned. Upon consideration of the motion, the memoranda in support thereof and in opposition thereto and the entire record herein, Defendant's motion will be denied.

### BACKGROUND

Plaintiff, in a complaint filed on February 28, 2001, alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.2000e *et seq.* Plaintiff alleged three claims: (1) hostile work environment; (2) discriminatory non-selection for a GS–15 position ("Plaintiff's discrimination claim"); and (3) retaliatory non-selection for the same GS–15 position ("Plaintiff's retaliation claim"). Employment Discrimination Complaint ("Complaint") (Docket No. 1) ¶¶ 4–5. Plaintiff pled that he "had prior EEO activity at the time of his non-selection for the promotion[,]" *see* Complaint ¶ 4, and that he "ha[d] exhausted all administrative remedies prior to filing this complaint." Complaint ¶ 5. Defendant, in its answer, "[a]dmitted that Plaintiff had prior EEO activity at the time of his non-selection." Answer (Docket No. 7) ¶ 4. With respect to Plaintiff's averment that he had exhausted his administrative remedies, Defendant pled that Plaintiff's statement "consists of conclusions of law to which no response is required[,]" and that "[t]o the extent that a response is deemed required, denies." *Id.* ¶ 5.

After the close of discovery, Defendant filed a Motion to Dismiss and for Summary Judgment. Defendant advanced three grounds in support of its motion: (1) the agency had legitimate, non-discriminatory reasons for Plaintiff's non-selection; (2) the "individual identified incidents comprising plaintiff's allegations of hostile work environment do not rise to the level of adverse actions, nor do they combine to create an environment permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of plaintiff's employment"; and (3) "this Court has no jurisdiction over the incidents [of alleged hostile work environment] that occurred prior to August 1997 because they are untimely filed." Motion to Dismiss and for Summary Judgment (Docket No. 16) at 1; Memorandum in Support of Motion to Dismiss and for Summary Judgment at 22. By an order entered on November 1, 2002,

the undersigned granted the motion in part and entered summary judgment in favor of Defendant with respect to Plaintiff's hostile work environment claim. The undersigned denied the motion in all other respects. November 1, 2002 Memorandum Opinion and Order (Docket No. 34) at 15.

Trial on Plaintiff's claims of discriminatory and retaliatory non-selection commenced on November 4, 2002. In its pretrial statement, Defendant included a single paragraph regarding Plaintiff's non-selection. In that paragraph, Defendant maintained only that "defendant has legitimate, nondiscriminatory explanations for its actions," and therefore "plaintiff's claim must be dismissed." Defendant's Pretrial Statement (Docket No. 23) at 4 [unnumbered].

Defendant moved for judgment as a matter of law at the close of Plaintiff's case on the ground that "there is not sufficient evidence for a reasonable trier of fact to determine there has been *discrimination* in this case." Excerpt of Transcript of Trial, November 5, 2002 ("Tr.") at 4 (emphasis supplied). Defendant never expressly moved for judgment as a matter of law with respect to Plaintiff's retaliation claim. After Plaintiff's counsel argued that "there is ample evidence for this case to go to the jury with respect to both discrimination and reprisal[,]" Defendant's counsel stated that "[t]he [P]laintiff made their [sic] prima facie case[,]" and argued that Plaintiff had not shown "that our explanation is a pretext." *Id.* at 6–7. Thereafter, in a further discussion of Plaintiff's retaliation claim, Defendant argued only that there was no evidence that Plaintiff had engaged in any "protected activity" within the meaning of the statute,[1] and

that he offered no evidence that the alleged discriminating official "was aware of any previous EEO complaints." *Id.* at 8. The undersigned denied the motion. *Id.* at 9.

Defendant "renew[ed]" the motion for judgment as a matter of law at the close of all the evidence on the ground that "[t]here's not sufficient evidence in this record for a reasonable trier of fact to determine that the plaintiff was *discriminated* against in this case." Tr. at 85 (emphasis supplied). In response to a question posed by the court, counsel for Defendant argued that "I don't believe that the reprisal that was referenced in the complaint [filed in this action] ... was part of the [non-selection] argument in the earlier complaint." *Id.* at 90; *see also id.* at 91, 94. Defendant's counsel then said that "[a]t this point, I'd like to move to dismiss [Plaintiff's claim of retaliatory non-selection] from consideration on the basis that it was not addressed in the administrative process as reprisal." *Id.* at 91. The undersigned again found that Plaintiff had engaged in "protected activity" within the meaning of the statute,[2] and also determined that Defendant's arguments regarding Plaintiff's administrative complaint were misplaced. *Id.* at 95. The court denied the motion except with respect to one activity which the court found was not "protected activity" within the meaning of the statute.

The jury found for Defendant with respect to Plaintiff's discrimination claim, and for the Plaintiff with respect to his retaliation claim. The jury awarded Plaintiff compensatory damages in the amount of $86,750. Verdict Form (Docket No. 39).

---

**1.** Defendant had previously "[a]dmitt[ed] that Plaintiff had prior EEO activity at the time of his non-selection." Answer ¶ 4.

**2.** *See* n. 1, *supra.*

Defendant now renews its motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, and in the alternative, moves for a new trial pursuant to Rule 59(a), or for remittitur of the verdict. Defendant asserts that "[b]ased upon the evidence presented at trial, defendant is entitled to a judgment as a matter of law with regard to plaintiff's non-selection not being casually related to his prior alleged EEO activities." Memorandum of Points and Authorities in Support of Defendant's Renewed Motion for Judgment as a Matter of Law, Motion for a New Trial, or Remittitur of Verdict ("Defendant's Memorandum") (Docket No. 41) at 3. More specifically, Defendant argues that Plaintiff "has failed to allege facts sufficient to legally support the causation element of a prima facie case of retaliation for a failure to promote that happened eleven months after the activity triggering the retaliation." *Id.* at 7. Defendant "also renews its objections to the inclusion of the element of retaliation with regard to the claim of non-selection." *Id.* at 12. Additionally, Defendant asserts that "plaintiff never exhausted his administrative remedies" with regard to the claim of retaliatory non-selection. *Id.*

Alternatively, Defendant submits that it is entitled to a new trial pursuant to Rule 59(a), or, to remittitur of the verdict, because the verdict was "against the clear weight of the evidence[,]" and that "plaintiff's evidence fell far short of establishing proof of injury regarding his specific claim of retaliation to warrant such a large damages award." *Id.* at 14–15.[3]

Plaintiff, in his opposition, submits that Defendant has not met the "very high standard" of Rule 50(b), and that Defendant's renewed motion for judgment as a matter of law therefore should be denied. Plaintiff's Memorandum of Points and Authorities in Opposition To Defendant's Motion For Judgment as a Matter of Law, New Trial or Remittitur ("Plaintiff's Opposition") at 6–7. With respect to Defendant's argument that Plaintiff failed to exhaust his administrative remedies for his retaliation claim, Plaintiff contends that "Defendant never pled this specific affirmative defense in [its] answer and failed to raise it in [its] motion for summary judgment[,]" and "offered no evidence by any witness or exhibit to support this argument at trial." *Id.* at 10. With respect to Defendant's motion for a new trial, Plaintiff contends that the verdict was not against the clear weight of the evidence, and that he presented evidence which was "more than ample" to support the award of compensatory damages. *Id.* at 12–15.

Defendant, in its reply, fails to address Plaintiff's contention that Defendant did not plead failure to exhaust his administrative remedies as an affirmative defense, move for summary judgment on that ground, or offer any evidence at trial regarding Plaintiff's supposed failure to exhaust.

The undersigned heard the oral arguments of counsel with respect to Defendant's post-trial motion, and ordered the parties to submit post-hearing memoranda, in part to further address the merits of Defendant's post-trial argument that Plaintiff failed to exhaust his administra-

---

**3.** Defendant submits that "all but $6,000 of the entire $86,750 awarded by the jury in this case can only be attributed to the pecuniary, intangible damages ... that plaintiff allegedly sustained as a consequence of defendant's specific conduct regarding the non-selection." *Id.* at 15–16. Defendant concludes that the

amount of the compensatory damages award "clearly indicates that the verdict was motivated by sympathy for the plaintiff, unfair speculation, improper consideration of damages, or by prejudice against the defendant[.]" *Id.* at 16.

tive remedies with respect to his retaliation claim.

Defendant, in its post-hearing memorandum, submits that "Plaintiff did not allege anywhere in the administrative complaint, that retaliation was the basis for his non-selection." Defendant's Post Hearing Memorandum (Docket No. 56) at 4. Further, Defendant submits that it "actually pled [the] defense when he [sic] specifically *denied* plaintiff's allegation that he 'exhausted all administrative remedies.'" *Id.* (quoting Complaint ¶ 4, Answer ¶ 4).

Plaintiff, in his response to Defendant's post-hearing memorandum, contends that "the administrative record indicates the agency was on notice of plaintiff's reprisal claim concerning his non-selection for promotion and the defendant was on notice in this action." Plaintiff's Response to Defendant's Post Hearing Memorandum (Docket No. 57) at 2. Plaintiff further contends that he "checked the reprisal box on the formal complaint"; that he was not represented by counsel when he filed the administrative complaint; and that he "did not intend to restrict his reprisal claim to the reassignment issue." *Id.* Plaintiff relies upon *Loe v. Heckler* for the proposition that the exhaustion requirement "should not be construed to place a heavy technical burden on 'individuals untrained in negotiation procedural labyrinths.'" *Id.* at 3 (quoting *Loe v. Heckler*, 768 F.2d 409, 417 (D.C.Cir.1985)). Plaintiff submits that Defendant has "forfeited the defense" of failure to exhaust administrative remedies by "fail[ing] to raise the specific affirmative defense of failure to exhaust administrative remedies when [it] filed [its] answer to the complaint." *Id.* at 4. Additionally, Plaintiff observed that "[i]n [its] answer, paragraph 5, defendant did not unequivocally deny the allegation in paragraph 5 of plaintiff's pro se complaint that plaintiff had exhausted all administrative remedies." *Id.*

## DISCUSSION

### Defendant's Motion for Judgment as a Matter of Law

Rule 50 of the Federal Rules of Civil Procedure provides, in pertinent part, that a motion for judgment as a matter of law made at the close of all the evidence may be renewed "by filing a motion no later than [ten] days after entry of judgment[.]" FED. R. CIV. P. 50(b).[4] "Under Rule 50, a court should render judgment as a matter of law when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting FED. R. CIV. P. 50(a)) (citing *Weisgram v. Marley Co.*, 528 U.S. 440, 447–448, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000)). The court "should review all of the evidence in the record[,]" and "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id.* at 150, 120 S.Ct. 2097 (citations omitted). Accordingly, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 151, 120 S.Ct. 2097 (citation omitted); *Teneyck v. Omni Shoreham Hotel*, 254 F.Supp.2d 17, 19 (D.D.C.2003); *Lloyd v. Ashcroft*, 208 F.Supp.2d 8, 10 (D.D.C.2002); *Liberatore v. CVS New York, Inc.*, 160 F.Supp.2d 114, 116 (D.D.C.2001).

▪ Finally, because Rule 50(b) allows a party to "renew" a motion for judgment as

---

4. The rule further provides that the movant "may alternatively request a new trial or join a motion for a new trial under Rule 59." *Id.*

a matter of law made at the close of all the evidence, "[t]he posttrial motion is limited to those grounds that were 'specifically raised in the prior motion for [judgment as a matter of law][,] . . . [and] the movant is not permitted to add new grounds after trial.'" *Tolbert v. Queens College*, 242 F.3d 58, 70 (2d Cir.2001) (citations omitted). This circuit has held that a movant who omits a theory from a pre-verdict Rule 50 motion waives the theory as a basis of a post-verdict motion for judgment as a matter of law. *Whelan v. Abell*, 48 F.3d 1247, 1251 (D.C.Cir.1995). *See also Fox v. Dist. of Columbia*, 990 F.Supp. 13, 19 (D.D.C.1997)("In moving for post-verdict judgment as a matter of law, defendants are limited to those grounds previously raised in their motions for a directed verdict.").

### Causal Connection Between Protected Activity and Non–Selection

██ Defendant timely moved for judgment as a matter of law during the trial, both at the end of Plaintiff's case and at the close of all evidence. However, Defendant moved for judgment as a matter of law only with respect to Plaintiff's discrimination claim. Tr. at 4, 85. Plaintiff's counsel, in his response to Defendant's pre-verdict Rule 50 motions, addressed both the discrimination claim and the retaliation claim, and Defendant's counsel, in her response to the arguments of Plaintiff's counsel and the questions of the Court, addressed some aspects of Plaintiff's retaliation claim. In so doing, however, Defendant's counsel confined her argument regarding Plaintiff's prima facie case of retaliation to the first element, *i.e.*, that Plaintiff had not engaged in protected activity. *Id.* at 8–9, 86–90. At no time did Defendant's counsel argue that Plaintiff failed to offer evidence sufficient to demonstrate a casual connection between any protected activity and the non-selection.[5] Accordingly, Defendant is precluded from moving for judgment as a matter of law on that ground in its renewed motion. *See Whelan*, 48 F.3d at 1251 (Rule 50(b) "limits a post-verdict motion for judgment as a matter of law to a 'renewal' of the pre-verdict motion[.]"); *Fox*, 990 F.Supp. at 19 ("In moving for post-verdict judgment as a matter of law, defendants are limited to those grounds previously raised in their motions for a directed verdict.").

### Exhaustion of Administrative Remedies

██ Defendant did not move for judgment as a matter of law on the ground of failure to exhaust administrative remedies in either pre-verdict Rule 50 motion.[6] The

**5.** The parties agree that the elements of a prima facie case of retaliation are (1) the employee engaged in a protected activity; (2) the employer took an action that had an adverse impact on the employee; and (3) a causal relationship between the protected activity and the adverse action. *Paquin v. Federal Nat'l Mortgage Ass'n*, 119 F.3d 23, 31 (D.C.Cir.1997). By limiting its argument to the sufficiency of the evidence of a casual connection between the protected activity and the adverse action, Defendant apparently now concedes that Plaintiff has established the first two elements of a prima facie case of retaliation, although in its pre-verdict Rule 50 motions, Defendant maintained that there was no evidence that Plaintiff had engaged in any protected activity.

**6.** The assertion that "I'd like to move *to dismiss*" Plaintiff's claim of retaliatory non-selection, Tr. at 91 (emphasis supplied), cannot be construed as a Rule 50 motion for judgment as a matter of law on that ground. In any event, Defendant's argument at trial, when read in context, appears to relate only to the specificity of Plaintiff's administrative complaint. *See id.* at 94 ("The administrative complaint did not assign reprisal to the specific action, and it was not alleged by [Plaintiff] in his administrative complaint that the [non-selection] was reprisal."). No motion to

undersigned accordingly holds that Defendant is precluded from doing so in its post-verdict Rule 50 motion. *See Whelan,* 48 F.3d at 1251; *Fox,* 990 F.Supp. at 19.

This circuit has held that a theory a party failed to raise in a pre-verdict Rule 50 motion is "waived" as a basis of a renewed, post-verdict Rule 50 motion. *Whelan,* 48 F.3d at 1251. No published opinion of any judge of this court, nor any panel of this circuit, provides direct authority for the proposition that such a waiver extends to a post-verdict claim of lack of subject matter jurisdiction predicated upon a plaintiff's supposed failure to exhaust his administrative remedies in a Title VII case.[7] However, in a Title VII action in a procedural posture virtually identical to the instant action, a judge of another district denied a post-verdict Rule 50 motion in which the same argument was made. There, the court broadly construed the concept of waiver, and held that

> the [Defendant] has waived its right to complain of failure to exhaust administrative remedies, by not claiming it at a much earlier time in this litigation, whether in front of the [administrative tribunal], in a motion to dismiss, or even, finally, in the motion for summary judgment. After a nine-day trial and a jury verdict, this Court will not send Plaintiff back to "square one."

*O'Bar v. Borough of Naugatuck,* 260 F.Supp.2d 514, 517 (D.Conn.2003).

 Even if the court disregarded the preclusion of review of Defendant's post-verdict claim that Plaintiff failed to ex-haust his administrative remedies which is imposed by the operation of Rule 50(b), Defendant's argument would remain meritless. This circuit has held that "adequacy of notice is the core of Title VII's administrative exhaustion requirements[.]" *Brown,* 777 F.2d at 14 (citation omitted). The circuit has observed that "Title VII was devised as a measure that would be kept accessible to individuals untrained in negotiating procedural labyrinths." *Loe,* 768 F.2d at 417 (citations omitted). Title VII's exhaustion and timeliness requirements are intended to "ensure that the agency had notice of [a plaintiff's] grievance and a fair opportunity to provide full redress or to attempt an informal accommodation. Title VII requires no more." *Loe,* 768 F.2d at 417–18. The court finds that the record is replete with evidence that the Defendant was on notice of Plaintiff's claim of retaliatory non-selection. *See, e.g.,* Plaintiff's Response to Defendant's Post Hearing Memorandum, Transcript of June 14, 1999 hearing (Exhibit E) at 7; *Id.,* Affidavit of Susan Kurland (Exhibit C) at 2; *Id.,* Exhibit D.

 The undersigned finds that the relief Defendant requests would effectively vitiate the "lenient standard [which] applies in evaluating whether an aggrieved party's actions met his or her administrative exhaustion responsibilities." *Brodetski v. Duffey,* 199 F.R.D. 14, 18 (D.D.C. 2001) (citations omitted). Indeed, this circuit has held that

---

dismiss on that ground has ever been filed; nor has Defendant ever sought leave to amend its answer to plead lack of subject matter jurisdiction as an affirmative defense.

7. *But see Brown v. Marsh,* 777 F.2d 8, 12–13 (D.C.Cir.1985)(Defendant agency, in its answer raised the timeliness of Plaintiff's consultation with an EEO counselor "in the most oblique manner possible[,]" by merely alleging, as Defendant did here, that "[p]laintiff has failed to exhaust his administrative remedies." The panel decided that "[a]ssuming, *arguendo,* however, that plaintiff failed to pursue his administrative remedies in a sufficiently clear and timely fashion, we think it apparent that the [Defendant] should be deemed to have waived any objection.").

because Title VII is remedial legislation dependent for its enforcement on laymen, we must seek in every case "an interpretation animated by the broad humanitarian and remedial purposes underlying the federal proscription of employment discrimination," and resultantly that resort to technicalities to foreclose recourse to administrative or judicial processes is "particularly inappropriate."

*Bethel v. Jefferson,* 589 F.2d 631, 642 (D.C.Cir.1978) (citations omitted). This court would therefore be required to resolve the "procedural ambiguities" of which Defendant complains in favor of Plaintiff. *See Brodetski,* 199 F.R.D. at 18.

## Defendant's Motion for a New Trial

▆▆ Rule 59 of the Federal Rules of Civil Procedure provides, in pertinent part, that

> [a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States[.]

FED. R. CIV. P. 59(a). This court has held that in "order to preserve the function of the jury in our system of jurisprudence, 'courts should not grant new trials without a solid basis for doing so.'" *Manion,* 217 F.R.D. at 278 (quoting *Webb v. Hyman,* 861 F.Supp. 1094, 1109 (D.D.C.1994)). Accordingly, when a new trial is ordered on the ground that the verdict is against the weight of the evidence, the trial court "takes over, if he does not usurp, the prime function of the jury as the trier of the facts." *Langevine v. District of Columbia,* 106 F.3d 1018, 1023 (D.C.Cir.1997) (citation and internal quotations omitted). Thus,

as a general practice, "a Rule 59(a) motion should be granted only where the court is convinced that the jury verdict was a 'seriously erroneous result' and where denial of the motion will result in a 'clear miscarriage of justice.'"

*Id.* at 1109–1110 (quoting *Sedgwick v. Giant Food, Inc.,* 110 F.R.D. 175, 176 (D.D.C.1986)) (citations omitted). "The burden of showing that a new trial is warranted in accordance with this rigorous standard rests with the moving party." *Manion,* 217 F.R.D. at 279 (citing 11 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 2803 (2d ed.1995)); *cf. Webb,* 861 F.Supp. at 1109 (motion for new trial denied where movants failed to discharge their "heavy burden" of showing "that significantly prejudicial or improper errors were made[.]"). The determination of a motion for new trial pursuant to Rule 59 rests in the sound discretion of the trial court, and may be reviewed only for abuse of discretion. *E.g., Langevine,* 106 F.3d at 1023 (citations omitted); 11 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 2803 (2d ed.1995).

▆▆ As grounds for its motion for a new trial, Defendant principally asserts that the jury verdict in this case was "an inordinately large sum of money . . . [that] was far in excess of the minimal amount of damages that would fairly compensate Plaintiff for actual, proven compensatory damages that he sustained as a result of any illegal discrimination or retaliation he suffered." Defendant's Memorandum at 14. However, the undersigned finds that Plaintiff presented ample evidence to support the jury award. Plaintiff himself testified that he was "devastated" after he learned that a white male was selected for the position, and that as a result, he sought counseling for depression and anxiety. Excerpt of Transcript of Trial, No-

vember 4, 2002 at 79, 84–85. He also testified that after the non-selection, he was treated by both a physician and a social worker, that medication was prescribed for him and that he experienced a "drinking problem." *Id.* at 85–86, 89–90, 103. Plaintiff also called his partner, Dewitt King, as a witness on the issue of damages. Mr. King testified that after the non-selection, Plaintiff became very "depressed" and "withdrawn"; "communicated very little"; developed sleeping difficulties and loss of appetite, and "shut out from his family and friends." *Id.* at 64. Mr. King further testified that Plaintiff began experiencing those symptoms in June, 1997. *Id.* at 64–65.

The undersigned finds that Defendant has failed to show that the verdict is against the clear weight of the evidence and that no evidence was offered to support it. Additionally, the undersigned finds that the evidence offered by Plaintiff at trial is more than sufficient support for the jury award. *See Peyton v. DiMario,* 287 F.3d 1121, 1126 (D.C.Cir.2002) (plaintiff's testimony that she "became depressed, angry, and suffered a loss of self-esteem" sufficient to support a compensatory damages award of $300,000); *Ramseur v. Barreto,* 213 F.R.D. 79, 83 (D.D.C. 2003) (plaintiff's testimony regarding her nonpecuniary losses sufficient to support award of $300,000).

**Remittitur of Verdict**

■ The law in this circuit is that "remittitur of jury verdicts is only allowed if the reduction 'permit[s] recovery of the highest amount the jury tolerably could have awarded.'" *Ramseur,* 213 F.R.D. at 83 (quoting *Langevine,* 106 F.3d at 1024). More recently, this circuit has held that it will require remittitur only when

(1) the verdict is beyond all reason, so as to shock the conscience, or (2) the verdict is so in ordinarily large as to obviously exceed the maximum limit of a reasonable range within which the jury may properly operate.

*Peyton v. DiMario,* 287 F.3d at 1126 (citations omitted); *see also Langevine,* 106 F.3d at 1024 (citation omitted). Furthermore this circuit has cautioned that "[a] court must be especially hesitant to disturb a jury's determination of damages in cases involving intangible and non-economic injuries." *Langevine,* 106 F.3d at 1024 (citation omitted).

■ Defendant's request for "a remittitur of all damages awarded by the jury in excess of $6,000[,]" *see* Defendant's Memorandum at 22, is tantamount to a request that Plaintiff's award of compensatory damages be limited to his out-of-pocket expenses.[8] Such a result would effectively eliminate the amendment of Title VII which expressly provides that a plaintiff can recover for the non-pecuniary injuries proximately caused by a defendant's violation of Title VII. *Peyton,* 287 F.3d at 1126; *Ramseur,* 213 F.R.D. at 84 (reduction of an award in excess of the statutory maximum to $5,000 "[would be] tantamount to no award at all, and would constitute an arbitrary invasion by the court into the province of the jury.").

■ Defendant's assertion that "[t]he reasonableness of a damages award can be assessed by comparing it to the awards made in similar cases[,]" Defendant's Memorandum at 19–20, is erroneous. This Court has observed that the District of Columbia Circuit "has ... rejected such comparisons as a basis upon which to determine whether remittitur should be or-

---

8. Defendant concedes that Plaintiff incurred medical expenses of $6,000 "for treatment of ... stress and depression he claims is [sic] related to the his [sic] non-selection[.]" Defendant's Memorandum at 14.

dered[.]" *Ramseur*, 213 F.R.D. at 84. In rejecting such comparisons, the circuit held that

> [t]he cases appellant offers for purposes of comparison in which lesser damages were awarded or approved do not convince us [that the award should be reduced]. In rejecting that line of argument, we find useful the reasoning of a state court considering a similar question in a different context .... Because of the unique circumstances of each case as well as the adjustments which would necessarily have to be made for inflation, it is awkward to discuss the size of an award through comparison with past decisions.

*Peyton*, 287 F.3d at 1127 (internal quotations omitted).

■ Finally, Defendant's reliance on the absence of "expert medical or psychological testimony" (*see* Defendant's Memorandum at 16) is entirely misplaced. No authority supports the proposition that expert testimony is required in order for a plaintiff to recover compensatory damages in a Title VII case. "Indeed, this court has expressly held that a plaintiff may recover compensatory damages in a Title VII case absent expert testimony." *Ramseur*, 213 F.R.D. at 84 (citing *Jefferson v. Milvets Sys. Tech., Inc.*, 986 F.Supp. 6, 8 (D.D.C.1997)).

In sum, the court finds that Defendant has failed to demonstrate that the jury's award of compensatory damages was "excessive," "against the clear weight of the evidence," or "shock[ing][to] the conscience." Accordingly, Defendant's request for remittitur of the verdict will be denied.

## CONCLUSION

For the forgoing reasons, it is, this 25th day of March, 2004,

**ORDERED** that Defendant's Renewed Motion for Judgement as a Matter of Law, Motion for a New Trial, or Remittitur of Verdict (Docket No. 41) is **DENIED**.