### In re BUNTING BEARINGS CORP., Debtor.

### International Union United, et al., Plaintiffs,

### v.

### Bunting Bearings Corp., Defendant.

### No.  03–3227.

United States Bankruptcy Court, N.D. Ohio.

May 27, 2004.

---

Joan Torzewski, Michael S. Jones, Toledo, OH, for plaintiffs.

David J. Coyle, H. Buswell Roberts, Toledo, OH, for defendant.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court upon the Plaintiffs' Motion for Reconsideration of this Court Decision and Order entered on March 18, 2004. (Doc. No. 22). In response to their Motion, the Defendant filed a Memorandum in Opposition. (Doc. No. 23). For the reasons set forth herein, the Plaintiffs' Motion is Denied.

The instant Motion for Reconsideration is directed at this Court's decision denying Plaintiffs' Motion for Summary Judgment to the extent that it sought to have estate assets immediately distributed to the Plaintiff, Betty Keller. (Doc. No. 21). In their Motion, the Plaintiffs had argued that an arbitrator's decision, awarding in-

creased pension-benefits, as interpreted from a collective bargaining agreement was entitled to immediate enforcement against the Debtor-in Possession, notwithstanding the underlying bankruptcy. As it pertains thereto, this Court disagreed, holding that "unless the Plaintiffs can establish that the arbitrator's award is otherwise entitled to preferential treatment under the Bankruptcy Code, or not otherwise a 'claim' that may be handled through the reorganization process, the Court will not order the DIP to immediately comply with the terms of the arbitrator's decision." (Doc. No. 21, at pgs. 13–14). In addition, and particularly contrary to the Plaintiffs' position, the Court also held that to the "extent that the Plaintiffs seek to enforce the arbitrator's award solely against the plan, this Court, having no jurisdiction over the plan, can neither stay the matter nor order that the award be enforced." (Doc. No. 21, at pg. 12).

### DISCUSSION

A Motion for Reconsideration is not recognized by either the Federal Rules or the Bankruptcy Rules of Procedure. *Melton v. Melton (In re Melton),* 238 B.R. 686, 692 (Bankr.N.D.Ohio 1999). Motions, however, so denominated are traditionally treated in one of two way: (1) as a Motion to Alter or Amend under F.R.C.P. 59 if they are filed within 10 days of the rendition of the court's decision; or (2) if filed after 10 days, as a Motion for Relief from Judgment under F.R.C.P. 60. *Id.* Based upon the procedural posture of this case, the former rule is applicable.

■ Generally, four different grounds will support a Motion to Alter or Amend under F.R.C.P. 59(e), which is made applicable to this proceeding by Bankruptcy Rule 9023:(1) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) newly discover-

ed or previously unavailable evidence; (3) an intervening change in the controlling law; and (4) to prevent manifest injustice. *In re Arden Properties, Inc.,* 248 B.R. 164, 167–68 (Bankr.D.Ariz.2000). In this case, a fair reading of the Memoranda submitted to the Court shows that the Plaintiffs rely on both the first and last ground to support their Motion to Alter or Amend.

■ Beginning with the first ground, a Rule 59(e) Motion to Alter or Amend brought on the basis of a manifest error of law or fact requires that the moving party show that matters or controlling decisions were overlooked that might have materially affected the earlier ruling. *Wechsler v. Hunt Health Sys. Ltd.,* 186 F.Supp.2d 402, 410 (S.D.N.Y.2002). As applied thereto, the Plaintiffs, in support of their Motion, did not materially contest this Court's factual findings. Instead, the Plaintiffs' arguments were of a legal nature, asserting that the Court erred by not ordering that the arbitration award rendered against the Debtor–in–Possession, pursuant to a collective bargaining agreement, be immediately enforced.

In making their argument for the immediate enforcement of the arbitrator's decision, the Plaintiffs, as had been previously asserted in their Motion for Summary Judgment, relied on the federal statutory schemes of ERISA and the LMRA. (Doc. No. 24, at pg. 2). Although couched in slightly different terms, in reviewing the supporting memoranda submitted to the Court, the Plaintiffs made no substantive changes in their overall arguments; particularly, no new controlling authority, whether case law or statutory, was put forth by the Plaintiffs to support their position. Instead, the Plaintiffs merely reiterated that this Court was mistaken in its conclusion that it did not have the jurisdictional authority to order the immediate

enforcement of the arbitration award. (Doc. No. 22, at pg. 2).

■ A Rule 59(e) Motion to Alter or Amend, however, does not provide a litigant the opportunity to reargue facts and theories on which a court has already ruled; neither is it a vehicle to advance new theories or arguments. *Ramseur v. Barreto*, 213 F.R.D. 79, 82–83 (D.D.C. 2003). As was set forth by the Sixth Circuit Court of Appeals:

> A motion under Rule 59(e) is not an opportunity to re-argue a case. Rule 59(e) motions are aimed at re consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence.

*Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), *quoting partially from FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992). Consequently, as this shows, whether the Plaintiffs' position has merit is not the issue; with no controlling authority presented to the Court which would compel a contrary result, no manifest error of law can be said to exist which would allow the Court to substantively address the merits of the Plaintiffs' position. As such, the Plaintiffs' Motion to Alter or Amend may not go forward on the basis of a legal error.

■ The Plaintiffs also stated in their Motion to Alter or Amend as follows:

> ... Betty Keller was awarded increased benefits from the Plan. This award was rendered in July 2002. It is now twenty months after the fact and Ms. Keller, an elderly union retiree living on a fixed income, is still awaiting her pension benefits. The DIP has not demonstrated any legal basis for invalidating the arbitration award. Congress enacted ERISA to protect plan participants and require plan administrators to comply with the terms of a plan. Nothing precludes the DIP as Plan Administrator from complying with this valid arbitration award.

(Doc. No. 22, at pg. 4). Clearly this position falls into the last category upon which a Motion to Alter or Amend may be based: to prevent manifest injustice.

■ As applied to Rule 59(e), no general definition of manifest injustice has ever been developed; courts instead look at the matter on a case-by-case basis. *Torre v. Federated Mutual Ins. Co.*, 906 F.Supp. 616, 619 (D.Kan.1995) (unsubstantiated assertion could not lead to a finding of manifest injustice); *Attorney Registration & Disciplinary Com. of Supreme Court v. Betts*, 157 B.R. 631 (Bankr.N.D.Ill.1993) (mere disagreement with court's findings does not rise to level of manifest injustice). What is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.

In this case, there is no question that by not being able to receive the pension benefits awarded to her pursuant to the arbitrator's decision, a hardship is being imposed upon the Plaintiff, Betty Keller. Nevertheless, the existence of a hardship upon Ms. Keller neither constitutes a fundamental flaw in this Court's reasoning, nor is it contrary with applicable policy. To begin with, the very nature of bankruptcy law is that creditors are, to one degree or another, prejudiced. Although in certain circumstances, Congress found it proper to confer upon employees favorable

status,[1] an employee, whether it is their wages and/or benefits, still takes subject to and is affected by bankruptcy law.

 Also, the fact that a pension plan is subject to the federal statutory scheme of ERISA does not change this; ERISA law specifically provides that when it conflicts with another provision of federal law, ERISA must be subordinated. 29 U.S.C. § 1144(d); *In re CSC Industries, Inc.,* 232 F.3d 505 (6th Cir.2000). Thus, far from being contrary to public policy, federal law clearly envisions that employees, including their pension plans, be subject to the bankruptcy process when the employer is in bankruptcy. To create an exception merely because a pension plan is the subject of a collective bargaining agreement/arbitration award, is to create a distinction where none actually exists. In this regard, it must be stressed that contrary to the above statement of the Plaintiffs, this Court is not invalidating the arbitration award; rather, it simply subjecting the award to applicable bankruptcy law.

Accordingly, for the above reasons, the Court, in partially denying the Plaintiffs' Motion for Summary Judgment, is not convinced that this decision is predicated upon any manifest errors of law; nor can this Court conclude that enforcing the Decision would lead to a manifest injustice. As such, there are no grounds under Rule 59(e) to Alter or Amend this Court's prior Decision and Order wherein the Plaintiffs' Motion for Summary Judgment was Denied in Part. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the Plaintiffs' Motion for Reconsideration, be, and is hereby, DENIED.

---

1. *See* 11 U.S.C. §§ 507(a)(3) (priority for wage claims); 507(a)(4) (priority fo contributions to employee benefit plan); 1113 (special procedure imposed to reject a collective bargaining agreement); and 1114 (special treatment of afford to insurance benefits to retired employees).